For the reasons set forth above, the judgment of the district court is hereby AFFIRMED

Thomas A. **MARTIN,** Plaintiff–Appellant,

v.

**KEYCORP, Key Bank National Association (f/k/a Key Bank of New York, N.A., Key Bank of Southeastern New York), Robert G. Qulia,** Defendants–Appellees.

Docket No. 01–9267(L).

United States Court of Appeals, Second Circuit.

Nov. 7, 2002.

Thomas A. Martin, pro se, Chapel Hill, NC, for Plaintiff–Appellant.

Michael J. Smith, Hiscock & Barclay, LLP, Albany, NY, for Defendants–Appellees.

Present LEVAL, CALABRESI and B.D. PARKER, JR., Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Thomas A. Martin appeals from three rulings of the United States District Court for the Northern District of New York (Scullin, *C.J.*). In a September 29, 2000 decision and order, the district court denied Martin's motion for recusal, granted the defendants' motion for summary judgment, denied the defendants' request for Rule 11 sanctions, and permanently enjoined Martin from commencing additional federal actions relating to the events surrounding that case. Martin subsequently filed a 60(b) motion for reconsideration of this order. On September 27, 2001, the district court denied Martin's motion for reconsideration and ordered Martin to show cause why he should not be sanctioned under Fed.R.Civ.P. 11 for filing the 60(b) motion. Finally, on December 10, 2001, the district court imposed Rule 11 sanctions, directing Martin to reimburse the defendants for reasonable attorneys' fees and other expenses relating to his motion for reconsideration.

The events underlying this case and the long history of litigation they have given rise to are fully described in the district court's decision of September 29, 2000. *Martin v. Keycorp.,* No. 99–CV–1667, slip op. at 2–6 (N.D.N.Y. Sept. 29, 2000).

We have examined the record and conclude that the district court properly granted the defendants' motion for summary judgment, since all of Martin's claims were barred by res judicata and collateral estoppel. It is also clear from the record that the district court did not abuse its discretion in denying Martin's motion for recusal, as there was no showing of bias. Nor did the court abuse its discretion in denying Martin's 60(b) motion for relief from a final judgment, since Martin failed

to indicate any controlling decisions or data overlooked by the court that could reasonably be expected to alter its decision. The imposition of Rule 11 sanctions for filing the 60(b) motion was also well within the district court's discretion in view of the complete meritlessness of that motion. Moreover, given Martin's long history of repeated attempts to relitigate claims already adjudged against him, we find no error in the district court's injunction against future filings.

We have considered all of Martin's arguments and find them without merit. Accordingly, we AFFIRM the judgment of the district court.